IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

    Plaintiff,

v.                                          CASE NO. 1:12-cv-160-SPM-GRJ

CORIZON, FNC, DR. COLON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff was an inmate at the Alachua County Jail when he initiated this case by filing a *pro se* Complaint pursuant to the Federal False Claims Act. (Doc. 1.) He did not pay the filing fee, and his motion seeking leave to proceed as a pauper was incomplete. (Doc. 5.) On July 24, 2012, the Court ordered Plaintiff to submit an amended complaint, and to pay the filing fee or submit an amended motion to proceed as a pauper. (Doc. 7.) The deadline for filing these documents was August 23, 2012. As of the date of this report and recommendation, Plaintiff has filed neither of the required documents, and has taken no other action in the case. The Clerk's office has noted that the Court's July 24, 2012 Order was returned as undeliverable, and Plaintiff has failed to update his address with the Court as he is required to do. The Court has therefore taken Plaintiff's original Complaint under advisement for screening pursuant to 28 U.S.C. § 1915(b)(2), governing proceedings *in forma pauperis*. In his Complaint, Plaintiff appears to allege that Corizon, which provides healthcare to inmates in the Alachua County Jail, violated the Federal False Claims Act by engaging in medical

malpractice through the administration of "dangerous" drugs.[1]  (Doc. 1, at 2.)   Upon due consideration, the undersigned recommends that the original Complaint be dismissed as frivolous.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case.  Plaintiff' alleges that Corizon has violated the Federal False Claims Act by administering "dangerous 'Mycin' drugs" and deliberately allowing patients to become sicker so that they will incur higher hospital fees.  (Doc. 1, at 3.)  He alleges that these fees will in turn be paid "largely by the federal government" through Medicare and other programs.  *Id.*  Plaintiff does not appear to assert any claims at all, let alone facts supporting those claims, against the other named

---

[1]The Court describes Plaintiff's allegations to the best of its ability, as the Complaint is largely illegible.

defendants FNC and Dr. Colon.  For relief, Plaintiff seeks twenty percent of "the recovery," which he estimates to be "hundreds of millions of dollars." *Id.*

Plaintiff has failed to allege a violation of the False Claims Act (FCA), 31 U.S.C. § 3729.  He has presented the Court with a series of allegations that are generally unclear, unintelligible, and conclusory and fail to support any causes of action set forth.  Plaintiff has not alleged that any false claims for payment were submitted to the government by Defendant.  He also has not alleged any other particularized facts to support his claim.

This is not Plaintiff's first foray into filing frivolous pleadings in this Court.  In a previous suit in this Court, Plaintiff was sanctioned for filing "numerous frivolous motions."  *Neville v. Botsford,* Case No. 1:06-cv-199-MP-AK, (Doc. 122, June 15, 2010).  Plaintiff was ordered to pay $1,690.00 in attorney's fees, payable to Defendants, and $3,380.00 in fines, payable to the Clerk of Court no later than July 13, 2010.  (*Id.*)  It does not appear that Plaintiff ever paid the fine as ordered by the Court.  Another case filed by Plaintiff on the same date as the instant case was recently dismissed as frivolous.  *Neville v. Cervone*, Case No. 1:12-cv-159-SPM-GRJ (Doc. 9, September 19, 2012.)  In that case, the district judge ruled that "[n]o further filings of any kind will be accepted from Plaintiff until the $3,380.00 sanction in Case No. 1:06-cv-199-MP-AK is paid, at least in part." *Id.* at 2.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Leave to proceed as a pauper, Doc. 5, should be **GRANTED** for the limited purpose of screening this case.

2. This case should be **DISMISSED** as frivolous pursuant to 28 U.S.C

§ 1915(e)(2)(B)(I).  Such dismissal will operate as a "strike" pursuant to  28 U.S.C § 1915(g).

**IN CHAMBERS**  this 26th day of September, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**